(Decided 22nd June, 1876.)

HARRY W. SNOWDEN *vs.* WILLIAM H. PITCHER and YOUNG O. WILSON.

*A deed in fee, executed as collateral Security for the payment of money, construed not to be a Mortgage—Affidavit—Defeasance—Non-admissibility of Written agreement to vary the terms of a subsequent deed.*

A deed conveying the fee and purporting by its terms to be absolute, although it be expressed therein that it is executed as collateral security for the payment of money, is not a mortgage within the operation of sec. 29, Art. 24 of the Code.

Such deed does not require an affidavit of the grantee to the truth of the consideration therein expressed.

Snowden *vs.* Pitcher and Wilson.

An agreement was made between L. and the agent of P. & W. by which the agent was to build certain houses for L. for a fixed price. The agreement stipulated that a certain other house was to be conveyed by L. to P. & W. as collateral security for the payment of notes to the amount of $4000 for bricks to be furnished by them for the erection of the houses to be built, for the fulfilment of the contract, and for the sum of $10,800 to be paid in cash for the erection of the houses upon their completion. This agreement was entered into on the 2nd of January, 1872, and was not recorded. On the 4th of the same month L. conveyed to P. & W. the house mentioned in the agreement, by deed duly recorded, in which it was stated that the conveyance was made for the purpose of securing to said agent $3000 of the whole sum of $10,800 to be paid for building said houses. HELD :

1st. That the agreement was merged in the deed subsequently executed, and never was intended to be explanatory or a defeasance of it.

2nd. That said agreement was not necessary to be recorded under sec. 1 of Art. 64 of the Code, and was not admissible in evidence to vary or alter the terms of the deed.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and ALVEY, J.

*Lewis Mayer* and *Wm. M. Merrick,* for the appellant.

The instrument of writing executed by Lewis and wife to Pitcher & Wilson, is a mortgage within the intent of sec. 29, Art. 24 of the Code; because it is a collateral security for the payment of money and the fulfilment of a contract, and establishes the relation of mortgagor and mortgagees, between Lewis and Pitcher & Wilson. It sets out on its face a specific indebtedness, and professes to be made to secure that indebtedness. It conveys the property by way of pledge for the security of a debt, the property being the accessory and the debt the principal.

The grantor retains possession and does not abandon his equity of redemption, which equity supplies to this deed and protects. It is a direct conveyance to the creditors, Pitcher & Wilson, with a right in them upon default to foreclose or bring ejectment. *Dougherty vs. McColgan*, 6 *G. & J.*, 278; 2 *Washb. Real Prop.*, 36, 43, *et seq.; Marlow vs. McCubbin*, 40 *Md.*, 137; *Lanfair vs. Lanfair*, 18 *Pick.*, 299; *Steel vs. Steel*, 4 *Allen*, 419; *Murray vs. Walker*, 31 *N. Y.*, 401; *Skinner vs. Cox*, 4 *Devereaux*, 59; *Walton vs. Cody*, 1 *Wisc.*, 432; *Carnall vs. Duval*, 22 *Ark.*, 136.

The recording of this deed, defective for want of an affidavit, is not constructive notice to Snowden, a subsequent *bona fide* purchaser without actual notice, nor can he be charged with presumptive notice. *Cockey vs. Milnes*, 16 *Md.*, 200.

If this deed be not a mortgage, then it is a deed with a defeasance or explanatory paper, viz., the agreement between Lewis and Lester, agent, which should have been recorded with it. *Sec. 1, Art. 64 of the Code; Waters' Lessee vs. Riggin*, 19 *Md.*, 536.

*William Rowland*, for the appellees.

The deed from James M. Lewis to the appellees, is a deed absolute on its face, and is not a mortgage within the Act of 1846, ch. 271, (Code, Art. 24, sec. 29.) Such Act refers to mortgages, technically such. *Charles vs. Claggett*, 3 *Md.*, 82–93–94; *Stockett vs. Holliday*, 9 *Md.*, 492; *Carson & Vickery vs. Phelps*, 40 *Md.*, 73; *Lacy vs. Kynaston*, 2 *Salk.*, 575; *Lund vs. Lund*, 1 *N. H.*, 41.

The paper signed by Lester, agent, and Lewis, does not operate as a defeasance to the deed to the appellees, and is not explanatory of the same within the first section of Art. 64 of the Code.

The demurrer to the amended bill should have been sustained by the Court below. The appellant had filed

with his bill the deed to the appellees, which deed stated the consideration for the conveyance to be $3000, and then filed the contract, which called for the execution of a deed to secure $4000 in notes, and also the sum of $10,800, and having contradicted the deed by the contract, he then proposed to contradict both the deed and the contract by parol testimony. The consideration for the execution of the deed to appellees is fully set forth in the deed itself. The contract is not explanatory of it, and no amount of evidence was capable of making said contract explanatory of the deed. The contract was executed on the 2nd of January, 1872 : the deed to the appellees was executed on the 4th of January, 1872. The deed shows that the agreement, (if we grant for the sake of the argument that the two transactions were connected in any manner,) was changed ; for whereas the contract calls for the execution of a deed to secure $4000 in notes, and also $10,800, yet the deed to the appellees was executed to secure $3000. The recital in the deed must have merged that part of the contract. The contract did not represent the agreement as made finally, and can any Court give section 1 of Art. 64, so bad a construction as to hold that this paper should have been recorded which did not represent the contract as made by the parties, and that a paper which the grantor could not have set up as a defence, can be set up by an outside party as such?

The contract is not a defeasance. It must be a technical legal defeasance, *i. e.*, must contain proper words declaring that the deed to which it refers shall be void, ·&c., and must be made in the same manner and by matter as high as the thing to be defeated ; must be a part of the same transaction with the conveyance to be defeated. *Charles vs. Claggett,* 3 *Md.*, 82, 93, 94 ; *Lacy vs. Kynaston,* 2 *Salk.*, 575 ; *Lund vs. Lund,* 1 *N. H.*, 41 ; *Bodwell vs. Webster,* 13 *Pick.*, 413 ; *Hicks vs. Norris,* 5 *Gill & John.*, 75.

GRASON, J., delivered the opinion of the Court.

The record shows that on the fourth day of January, in the year 1872, James M. Lewis and wife, conveyed by deed of that date to the appellees a certain lot of ground in Baltimore City, and particularly described in said deed, which was recorded on the day of its date. On the seventeenth day of January, 1873, James M. Lewis and wife conveyed the same lot of ground to the appellant by deed of that date, which was recorded on the 20th day of the same month. On the 13th day of February, 1875, the appellant filed the bill in this cause alleging, that the deed to the appellees was void as to him, that it cast a cloud over his title, and praying the Court to declare it void. To this bill the appellees demurred, but the record does not show what disposition, if any, was made of the demurrer. The appellant afterwards filed an amended or supplemental bill, in which he charges that the deed to the appellees was void as to him, because, at the time of its execution, there was also executed by James M. Lewis and James M. Lester, agent for the appellees, a contract under seal, as a defeasance of the deed, and an explanation of its being designed to have the effect of a mortgage, but which was never recorded therewith, as required by section 1 of Article 64 of the Code. To this amended bill the appellees demurred, and the demurrer was overruled. The appellees filed their answer to the bill, and among other things deny, that the contract under seal, and filed as Exhibit J. M. L. No. 3, was executed by Lester as their agent. Evidence was taken, and, on final hearing, the Circuit Court of Baltimore City, passed a decree dismissing the bill, and from that decree this appeal has been taken.

It was contended upon the part of the appellant that the deed to the appellees, though absolute on its face, was in fact a mortgage to secure the payment of money, and being without the affidavit of the grantees, as required by

section 29 of Article 24 of the Code, was void as to him. There is no doubt that if, instead of the conveyance to the appellees being absolute on its face, it were a technical mortgage, the absence of the required affidavit would render it void as to creditors of the mortgagor, and subsequent purchasers without notice. But the question presents itself, whether a deed conveying the fee and purporting by its terms to be absolute, although it be expressed therein, that it is executed as collateral security for the payment of money, comes within the operation of the 29th section of the 24th Article of the Code. This question has never before been directly presented in any case in this Court. There have been several cases before the Court, in which the question has been raised, whether the affidavit was required to a deed of trust for the benefit of creditors, and in all of them it was decided that it was not, and from the language used by the Court in those cases it may fairly be inferred, that the Judges were of opinion, that the section and Article of the Code, before referred to, applies only to technical mortgages. In the case of *Stockett, Adm'r vs. Holliday*, 9 *Md.*, 492, Judge BREWER, from whose decree the appeal was taken, says in his opinion, that "the law (now codified in sec. 29 of Article 24,) seems to apply to deeds of mortgage, technically such." And Judge MASON, in delivering the opinion of the Court of Appeals, says, "we concur, too, with the Court below, that this deed is not a mortgage, but a deed of trust, and therefore, need not be sworn to." Judge BREWER, whose opinion and decree were under review, having said that the law seemed to apply only to deeds that are technical mortgages, and the Court of Appeals having said that they concurred with him, that the deed then under consideration was not a mortgage, and therefore needed no oath, it may be fairly presumed that this Court used the word "mortgage" in the same sense in which Judge BREWER had spoken of it, that is a "mort-

gage, *technically* such." In the case of *Charles vs. Clag-gett*, 3 *Md.*, 86, the question arose, whether deeds of trust did not come within the operation of the Code, and require affidavits, and the Court of Appeals were divided upon it, Chief Justice. Le Grand and Judge Mason being of opinion that the oath was required, and Judges Eccleston and Tuck holding that it was not. We have seen that Judge Mason had changed his views on this question, when the case of *Stockett, Adm'r vs. Holliday* was before the Court, and Judge Eccleston, in his opinion, which was concurred in by Judge Tuck, says, "In my opinion, the Act of 1846, should be construed as including mortgages, technically such. It is only necessary to mention one class of instruments which have been held in equity to be mortgages, to show, beyond controversy, that the statute could never have been designed to embrace all equitable mortgages. A deed absolute on its face by mistake, if intended to be a mortgage, will be so declared by a Court of Equity, and, I presume it will not be said, that if such a deed is without the oath, it will be void under the Act. If there are any equitable mortgages not embraced by the statute, why may it not be construed as applicable to those only of a technically legal character. In so doing, much confusion and embarrassment will be avoided, especially in reference to making provision for securing payment to a considerable number of creditors, by deeds, which have been treated and considered as deeds of trust."

As has been shown, this Court has since decided in the case of *Stockett vs. Holliday*, that the oath is not required to deeds of trust, and the reasons given by Judge Eccleston, and concurred in by Judge Tuck, why the operation of the Act should be confined to technical mortgages alone, commend themselves with great force to our judgment. The Code, Article 24, section 29, which requires the affidavit to be made by the mortgagee, treats of mortgages, technically such, and it ought not to be so construed as to

extend its operation to any conveyances other than technical mortgages. In the case of *Carson's Administrator vs. Phelps, Trustee and others,* 40 *Md.,* 96, Chief Justice BARTOL, speaking for this Court, said, "this provision (Article 24, sect. 29, of the Code,) has been construed as applying to deeds of mortgage technically such, and not to deeds of trust," and refers to the case of *Stockett vs. Holliday,* as announcing this construction of the Code. The deed to the appellees must therefore be held to be valid notwithstanding it was executed as collateral security for the payment of money and is without the affidavit of the grantees.

But it was contended that the deed was intended by the parties to have the effect of a mortgage, and that Exhibit J. M. L. No. 3, was executed at the same time as explanatory of, and as a defeasance of it, and not having been recorded with it, as required by the Code, the recording of the deed alone was not constructive notice to the appellant, and that the deed is therefore not valid as against him, a subsequent purchaser, without actual notice that said deed had been executed by Lewis to the appellees. Sec. 1 of Article 64, of the Code, provides that every deed of real estate or chattels, which by any other instrument shall appear to have been intended only as security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage, and the person for whose benefit such deed shall have been made, shall not have any benefit from the recording thereof, unless every instrument, operating as a defeasance of the same, or explanatory of its being designed to have the effect only of a mortgage or conditional deed, shall be also therewith recorded. It is therefore necessary to record such an instrument as the parties intend to be a defeasance, or explanatory of the deed which has been executed. Is exhibit J. M. L. No. 3, a defeasance or explanatory of the deed to the appellees? We think not. It is an agreement

between Lewis and J. M. Lester, agent, for the building, by the latter, for the former, of a certain number of houses in Baltimore, and for the payment by Lewis of certain moneys therefor, at the times and in the sums named in the agreement, and the agreement stipulates that a certain house should be conveyed by Lewis to the appellees, to be held by them as collateral security, for the payment of notes to the amount of four thousand dollars, for bricks to be furnished by them for the erection of the houses to be built, for the fulfilment of the contract and for the sum of ten thousand eight hundred dollars to be paid in cash, for the erection of the houses, upon their completion. This contract was entered into the second day of January, 1872, two days before the execution of the deed to the appellees. Conceding for the purposes of this case that Lester was the agent of the appellees legally constituted to make this agreement for them (which however Pitcher positively denies,) it clearly appears that the contract was executed two days before the deed, of which it is contended it is a defeasance or explanatory, and relates to the terms upon which the houses were to be built, and the sums to be paid therefor, and the times at which the payments were to be made. Whatever may have been the agreement of the parties as evidenced by the Exhibit J. M. L. No. 3, the deed, which was afterwards executed, shows that it was altered, for the deed itself recites that it was executed to secure to Lester, agent, the sum of three thousand dollars, part of the sum of ten thousand eight hundred, to be paid Lester for building the houses. The agreement was clearly, therefore, merged in the deed, which was afterwards executed and never was intended to be explanatory, or a defeasance of it. The exhibit was not executed at the time the deed was, but two days before, and its only office was to evidence the contract between the parties, binding the one to build the houses, and the other to pay for them, at the times and in the mode therein stipulated, and to

execute a deed of the house and lot described to the appellees to secure those payments. This agreement was changed in some of its terms and stipulations by the parties themselves, by the deed to the appellees. It is certainly not explanatory of the deed, nor a defeasance of it, and therefore not necessary to be recorded, and not admissible in evidence to vary or alter the terms of the deed; and consequently parol evidence in regard to it was also inadmissible.

We think the Circuit Court erred, therefore, in overruling the demurrer to the bill, but as the bill was dismissed on final hearing the decree appealed from will be affirmed.

*Decree affirmed.*

(Decided 22nd June, 1876.)