Booth, J.,
delivered the opion of the court:
Claimant’s right of recovery in this case is predicated upon the priority of the lien of a trust deed duly executed and recorded in his favor by one George J. Stephens, a distiller of Greene County, Va., over the distraint and sale of the same property by the defendants through their proper officer, for the collection of delinquent internal-revenue taxes, it being asserted that the defendants, by distraint and sale of the land of said Stephens, precluded claimant from realizing upon his security.
The act of May 27, 1902, set forth in Finding i, confers upon this court jurisdiction to hear and determine the questions at issue according to the usual rules and practice of the court, commands proper defense for the Government, defines the subject-matter of the claim, waives the statute of limitations, and its evident purpose is to impose upon the court the duty of a full judicial investigation of the entire subject-matter from its inception to its close.
The findings disclose the trust deed aforesaid to have been executed on October 26, 1869. It also appears that the delinquent taxes for which distraint and sale was had, accrued to the defendants from July, 1867, to August, 1869, and at the time of the sale were due and unpaid, previous demand for payment having been made. The act of July 13, 1866 (14 Stat. L., 107), creating the lien in favor of the defendants, uses this language:
*101 “And if any person, bank, association, company, or corporation, liable to pay any tax, shall neglect or refuse to pay tiro same after demand, the amount shall be a lien in fayor of the United States from the time it was due until paid, with the interest, penalties, and costs that may accrue in addition thereto, upon all property and rights to property belonging to such person, bank, association, company, or corporation; and the collector, after demand, may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property belonging to such person, bank, association, company, or corporation, or on which the said lien exists, for the payment of the sum due as aforesaid, with interest and penalty for nonpayment, and also of such further sum as shall be sufficient for the fees, costs, and expenses of such levy. And in all cases of sale, as aforesaid, the certificate of such sale shall transfer to the purchaser all right, title, and interest of such delinquent in and to the property sold; ” which from its comprehensive nature precludes all doubt of the intent of Congress to embrace within its operation every species of property subject to ownership. It will be observed that the only condition precedent imposed upon the officer invoking its jurisdiction is the refusal to pay the same after demand. If proper demand for payment has been made, the statute relates back to the time when the taxes became due and the lien of the defendants attaches as of that date to the property belonging to the person from whom the tax was due at the date of the demand. (The United States v. Pacific Railroad et al., 1 Fed. Rep., 97.)
Claimant asserts as a matter of law that the duty of proving priority of defendants’ lien rests upon their ability to establish by competent evidence a strict compliance with the statutory provisions creating the same. This is a proceeding at law to recover the amount mentioned in claimant’s trust deed, founded upon the alleged interference of the defendants in the foreclosure of .the same whereby the security and the debt were lost to claimant. It involves a collateral attack upon the proceedings by which title to the Stephens land became vested in the defendants, and we are unaware of any *102 rule by wliicb the burden of proof is shifted to the defendants to establish their contention in the first instance when assailed by claimant with an assertion of superior rights and title. Claimant must recover, if at all, not upon weakness of defendants’ title, but upon the strength and superiority of his own. The proof, however, does show that demand was made prior to execution of claimant’s trust deed, and the recitals in the deed, which by the statute creating the lien are made frima facie evidence of the facts contained therein, warrant the court in holding that the statute was fully complied with until the contrary is made to appear. We are not to presume that a public officer, charged with the performance of a particular duty, discharges the same contrary to the statute. The contrary presumption obtains, and the duty of overturning it rests upon the party alleging a failure in this particular. Therefore we conclude that in so far as time is concerned the lien of the defendants attached to the property belonging to said Stephens prior to the lien of claimant created by the trust deed of 1869.
The proceeding under which distraint and sale of the Stephens property was made by the defendants is next attacked, claimant contending that defendants elected to pursue a method of enforcement of their lien contrary to the statute in such case provided. That the deed conveying the Stephens premises to the United States vested in them merely his interests therein at the time of sale, and being of record and purporting to convey the fee, absolutely precluded claimant from asserting his alleged prior lien and realizing upon his security by foreclosure of the same.
Under the statutes in force at the time of the distraint and sale of the Stephens premises by the defendants in January, 1871, there were open to them two methods of enforcing their lien. The officer in charge elected to pursue the course prescribed by section 30 of the act of July 13, 1866 (14 Stat. L., 108). He might lawfully have proceeded under section 106 of the act of July 20, 1868 (15 Stat. L., 167). In either event his conduct would have been approvable in law. No positive duty was imposed, as contended by claimant, to proceed under the act.of July 20, 1868. The material por *103 tion of that act with which we are now concerned reads as follows:
“ That in any case where there has been a refusal or neglect to pay any tax imposed by the internal-revenue laws, and where it is lawful and has become necessary to seize and sell real estate to satisfy the tax, the Commissioner of Internal Revenue may, if he deems it expedient, direct that a bill' in chancery be filed, in a district or circuit court of the United States, to enforce the lien of the United States. * * * And all persons having liens upon the real estate sought to be subjected to the payment of any tax as aforesaid, or claiming any ownership or interest therein, shall be made parties to such proceeding, and shall be brought into court as provided in other suits in chancery in said courts.”
The language of the statute, “ may, if he deems it expedient,” direct a bill in chancery to be filed, does not of itself import a command, and when taken with reference to the context of the whole act in which it appears vests the officer empowered by law to make the distraint with discretion as to the expediency of invoking-the aid of this statute in enforcing the lien as the circumstances of the case may require. It is clearly directory and does not repeal the act of July 13, 1866, respecting the mode of enforcement of a lien of the United States for delinquent internal-revenue taxes, as prescribed therein. The remedies given by the two sections of the different statutes are concurrent and not conclusive. Alkan v. Bean (8 Bissel, 89).
We can not assent to the proposition that the decision of the court in Mansfield v. Excelsior Company (135 U. S., 326) is hostile to this construction. That was a case where •taxes had accrued against the lessee of a distiller and the property of the same was seized by the collector of internal revenue for taxes due from the distiller to the Government by the summary mode of notice and publication provided for in Revised Statutes, section 3196. The court held that the sale in this instance passed to the purchaser whatever interest the delinquent distiller had at the tiihe, but that the same would not affect the interest in the premises either of the owner of the fee or of a third person having a. lien thereon, even though the Government held a waiver executed by the *104 owner of the fee consenting that the distillery premises might be used by the distiller subject to the provisions of law. That is to say, an execution of the waiver by the owner in fee of the premises consenting to the use of the premises for distillery purposes did not otherwise affect his right or title in the property.
Not, therefore, being called upon to determine the wisdom of the officer’s choice, because of his election, as to which method he will pursue in enforcing his lien under the statutes, we are of the opinion that the proceedings conducted by him were clearly within the statute he elected to invoke and in nowise contrary thereto.
We are also unable to see how the acts of the defendants in the premises prejudiced the rights of the claimant or in any way impoverished his security, which was in the form of a trust deed. The protest made by claimant against the sale of the Stephens land at the time thereof could not and did not add to the weight which would be given to the recording of the trust deed in the county and State where executed. Constructive notice, by compliance with the recording acts of Virginia, notified the purchaser of the existence of the claimant’s lien. The doctrine of caveat em/ptor applied. The deed executed by the purchaser of the premises to the United States, bearing date of January 12, 1872, could not and did not convey any other interest in the premises except that belonging to Stephens at the time of the attachment of their lien. Its efficiency as ah instrument of conveyance was not dependable in law upon the terms used to describe the estate conveyed. If attempt was made to convey that which Stephens did not have, the instrument was a nullity. (Mansfield v. Excelsior Co., supra.)
In the view we take of the case we are not called upon to decide the extent of Stephens’s interest in the property at the time of the attachment of defendants’ lien. Claimant’s lien, being subsequent to that of the defendants, imposed upon him the necessity of protecting his security as against the superior rights of the defendants, ancl the burden of establishing irregularities in the procedure by which defendants acquired title to the Stephens land is imposed upon *105 the claimant. He was not estopped by any act of the officer of the Government from redeeming the premises sold by the defendants. The statute under which the sale was made expressly provided:
“The owners of any real estate sold as aforesaid, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the land sold as aforesaid, or any particular tract thereof, at any time within one year after the sale thereof, upon payment to the purchaser, or, in case he can not be found in thé county where the land to be redeemed is situate, then to the collector of the district in which the land is situate, for the use of the purchaser, his heirs, or assigns, the amount paid by the said purchaser, and interest thereon at the rate of 20 per centum per annum.”
No matter what terms were used in the certificate of sale to describe the estate sold under this statute, the claimant had ample power and authority to protect his lien by redemption of the premises sold and thus become subrogated to all the rights of the defendants in the same. The defendants were clearly and unequivocally entitled to enforce their lien to the extent of Stephens’s interest in the property at the time it attached under this statute, irrespective of the question of the priority of the same. The sale was made January 12, 1871, and the deed from Collector Lawson to the United States bears date of January 12, 1872, fully in conformity with the above statute of redemption.
It further appears from the findings that claimant made no effort to enforce his lien until some time in the year 1889, after the premises had been sold by the Government to another person, and when they so attempted were prevented by injunction with proceeding, therewith.
In our opinion, claimant not having availed himself of his rights under the law in protecting his lien, which were ample and comprehensive in every respect and which were in nowise unlawfully interfered with by the defendants, we will not impute to them any liability for assertion of their claim in the manner it was asserted and enforced. The petition is therefore dismissed.