# WILLIAM R. KINSEY ET AL. *vs.* D. H. ROLAND DRURY ET AL., TRUSTEE.

*Deed of Trust as Security—Delay in Record—Effect—Rights of Creditors—Contract for Conveyance.*

An instrument which, while designed to secure a loan, has the form and effect of a deed of trust, is to be classified as a deed rather than as a mortgage, for the purpose of Code, art. 21, secs. 19, 21, providing that any duly acknowledged deed or conveyance of land, "except deeds or conveyances by way of mortgages," may be recorded after six months, and when so recorded shall have the same effect as if recorded within six months, as against the grantor and certain classes of persons named, and shall have, as against all creditors who become such before the recording, and without notice, the effect of a contract for a conveyance.                    pp. 230-232

The recording of a mortgage after six months from the date of its execution does not operate as constructive notice unless it is recorded pursuant to an order of court, as provided by Code, art. 16, sec. 34.                    p. 227

A deed which, not being recorded until after six months from the date of its execution, took effect under Code, art. 21, sec. 21, as against creditors who became such before its recording and without notice of its existence, only as a contract for a conveyance, vests the equitable ownership of the property in the vendee, subject to the vendor's lien for the purchase money, and leaves only the legal title in the vendor pending the fulfilment of the contract and the formal conveyance of the estate.                    p. 232

The right of the vendee under a contract for a conveyance to have the title conveyed upon full compliance with the contract is not impaired by the fact that the vendor, subsequently to the execution of the contract, incurred a debt upon which judgment was recovered, since a judgment creditor stands merely in the place of his debtor and can only take his debtor's property subject to the equitable charges to which it was liable in the debtor's hands at the time of the rendition of the judgment.    p. 232

Acts 1916, ch. 618 (Code, vol. 4, art. 21, sec. 21A) bars creditors of the grantor in a deed from asserting their claims by reason of the failure to record the deed within six months, unless they proceed for the enforcement of their claims in the manner and within the time therein prescribed.                        p. 233

Where the funds produced by a sale under a deed of trust to secure a loan are insufficient, after the allowance of trustee's commissions and other expenses, to pay the amount admittedly received by the grantor as the result of the negotiation of the promissory notes secured by the deed, junior creditors of the grantor cannot assert usury in the loan.                        p. 233

Usury does not vitiate the entire loan, but the party entitled to plead it is simply protected against the illegal excess.   p. 233

*Decided June 21st, 1924.*

Appeal from the Circuit Court for Howard County In Equity (Forsythe, J.).

Petition by William R. Kinsey and others against D. H. Roland Drury and B. Erlie Talbott, trustees, asserting a right to participate in the proceeds of a sale made by said trustees. From a decree dismissing the petition, petitioners appeal. Affirmed.

The cause was argued before Pattison, Urner, Adkins, Offutt, and Bond, JJ.

*William H. Surratt* and *Paul R. Hassencamp,* for the appellants.

*James Clark,* with whom was *William Stanley* on the brief, for the appellees.

Urner, J., delivered the opinion of the Court.

The decree to be reviewed on this appeal denied the claim of the appellants, as judgment creditors, to an interest in the proceeds of the sale of certain real estate in Howard County. The sale was made under the terms of a deed of

trust of the Brightwood Sanitorium Company, Incorporated, securing its promissory notes to the amount of $22,500. It is contended by the appellants that the deed of trust was in effect a mortgage, and that having been recorded without an authorizing order of the court, after the expiration of the statutory period of six months from the time of its execution (Code, art. 21, secs. 13 and 19), the debt it secured must be postponed to the judgments of the appellants, which are said to have been obtained upon claims contracted by them after the date of the deed of trust and without notice of its existence. The same contention was made in an injunction suit, by two of the present appellants and another, to restrain the exercise of the power of sale conferred by the deed of trust, but the claims of the creditors who instituted that suit had not then been reduced to judgments, and a dismissal of their bill of complaint was affirmed by this Court on the ground that, as general creditors, they had no interest in the land which entitled them to an injunction against the impending sale. *Kinsey* v. *Drury,* 141 Md. 684. After the trustees named in the deed of trust had sold the property which it conveyed, and before the sale was ratified by the Circuit Court for Howard County in the equity proceeding in which it was reported, the appellants procured judgments on their claims. No objection was made to the ratification of the sale, but subsequently the appellants intervened in the proceeding for the purpose of asserting a right to participate in the distribution of the $15,000 fund which the sale produced. It was the dismissal of their petition to that end which occasioned the present appeal.

The proceeds of the sale made under the deed of trust being insufficient for the payment of the debts therein mentioned, the *pro rata* allowance of the appellants' claims, out of the funds to be distributed, would reduce the amounts to be received by those holding the notes which the deed of trust was intended to secure. The controversy arises from this conflict of interest.

The argument for the appellants is that, as the object of the deed of trust was to provide security for money borrowed.

it should be viewed and treated as a mortgage for the pur-
poses of our present inquiry and decision. This theory is
sought to be supported by citations of Maryland cases in
which it has been held that the nature of the transaction and
the intention of the parties will be considered upon the
question as to whether an instrument having the form of
a deed should be held to be a mortgage. But those cases
did not involve issues like the one now presented. They
were mainly concerned with questions relating to the right of
redemption by a grantor or subsequent lienor, and to the
operation of the usury law upon the agreement which the
deed in dispute fulfilled. The question in this case is simply
whether an instrument concededly designed to secure a loan,
but having the form and effect of a deed of trust, should be
classified as a mortgage or as a deed with respect to the
statutory provisions that any duly acknowledged deed or con-
veyance of land, "except deeds or conveyances by way of
mortgages," may be recorded after the prescribed six months'
period, and when so recorded shall have, as against the
grantor, and his heirs or executors, and against all purchasers
with notice, and against all creditors who shall become such
after the recording of the deed or conveyance, the same
validity and effect as if recorded in the time previously
limited, and as against all creditors who shall become such
before the recording of the instrument, and without notice,
it shall have effect only as a contract for the conveyance of the
estate to which it refers. Code, art. 21, secs. 19 and 21.
The recording of a mortgage after the six months' period
does not have a similar effect, as to constructive notice, un-
less it is recorded pursuant to an order of court, as provided
by section 34 of article 16 of the Code. *Harding* v. *Allen,*
70 Md. 395; *Nally* v. *Long,* 56 Md. 567.

It has been definitely decided by this Court that a deed of
trust securing an indebtedness is not a mortgage within the
meaning of various provisions of the recording statutes. In
*Stanhope* v. *Dodge,* 52 Md. 483, it was held that a deed of
trust to secure the payment of promissory notes of the grantor
might be recorded after the expiration of six months from

its date and would then have the same validity as if recorded
within that period. The requirement of section 32 of article
21 of the Code that no mortgage shall be valid, except as be-
tween the parties, without an affidavit by the mortgagee as
to the consideration, has been held applicable only to tech-
nical mortgages and not to deeds of trust. *Shidy* v. *Cutter,*
54 Md. 677; *Snowden* v. *Pitcher,* 45 Md. 265; *Carson* v.
*Phelps,* 40 Md. 96; *Stockett* v. *Holliday,* 9 Md. 499; *Charles*
v. *Clagett,* 3 Md. 82; *Stanhope* v. *Dodge, supra.* In *Bank
of Commerce* v. *Lanahan,* 45 Md. 396, where the provisions
of article 64 (now 66) of the Code relating to the exercise
of powers of sale in mortgages were held not to apply to deeds
of trust, the distinction between such instruments and tech-
nical mortgages was stated by Judge Alvey as follows:
"As to the question of the character of the deed, upon careful
examination of its provisions, we are of opinion that it is
not a technical mortgage, within the contemplation of the
Code, art. 64, sec. 5, referred to, but a deed of trust, clearly
denominated such by the Code, art. 24, sec. 55. It is a deed
of trust to secure debts; and while it has some of the at-
tributes of a mortgage, yet it presents features which dis-
tinguish it from that class of security, strictly considered.
By the legal, formal mortgage, as distinguished from instru-
ments held to be mortgages by construction of courts of
equity, the property is conveyed or assigned by the mortgagor
to the mortgagee, in form like that of an absolute legal con-
veyance, but subject to a proviso or condition by which the
conveyance is to become void, or the estate is to be recon-
veyed, upon payment to the mortgagee of the principal sum
secured, with interest, on a day certain; and upon non-per-
formance of this condition, the mortgagee's conditional estate
becomes absolute at law, and he may take possession thereof,
but it remains redeemable in equity during a certain period
under the rules imposed by courts of equity, or by statute."
In reference to the deed of trust then under consideration
Judge Alvey said: "Upon default of payment, these cred-
itors, as mere *cestuis que trust* under the deed, could not take
possession of the estate and apply the rents and profits to

the discharge of their claims; nor have they any right of foreclosure, such as a mortgagee would have under a technical mortgage. *Charles* v. *Clagett,* 3 Md. 94, 95. Their only remedy is the enforcement of the trust; and to execute the trust requires the property to be sold."

In view of the decisions to which we have referred, and of the principle upon which they were based, we have no difficulty in holding that the deed of trust in this case, though not recorded until the expiration of six and one-half months after its execution, was valid and effective from that time as against all creditors of the grantor who became such after its registration, and that as to all creditors who contracted with the grantor after the date of the deed and before it was recorded, and without notice of its existence, it must be regarded as having the effect of a contract for the conveyance of the property it describes. It does not satisfactorily appear that a substantial portion of the appellants' claims accrued before the recording of the deed of trust on June 3, 1921, and they were not reduced to judgments until January 25, 1923. But if it be assumed that the appellants became creditors of the grantor to the full amount of their claims between the dates of the execution and registration of the deed, and without having notice of it, and if they had obtained judgments on their claims during that period, their rights would be surbordinate to those created by the unrecorded deed as a contract for a conveyance. The effect of such a contract is to vest the equitable ownership of the property in the vendee, subject to the vendor's lien for unpaid purchase money, and to leave only the legal title in the vendor pending the fulfilment of the contract and the formal conveyance of the estate. The right of the vendee to have the title conveyed upon full compliance with the contract of purchase is not impaired by the fact that the vendor, subsequently to the execution of the contract, incurred a debt upon which judgment was recovered. A judgment creditor "stands in the place of his debtor, and he can only take the property of his debtor subject to the equitable charges to which it was liable in the hands of the debtor at the time of the rendition of the judg-

ment." *Cramer* v. *Roderick,* 128 Md. 429; *Valentine* v. *Seiss,* 79 Md. 187. In the cases just cited the precise point now being considered was decided adversely to the present appellants' contention. But it appears also that the Act of 1916, chapter 618, codified as section 21A of article 21 of the Code, would be a bar to the assertion of the appellants' claims against the property conveyed by the deed of trust, since they did not proceed for the enforcement of their claims in the manner and within the period prescribed by that act.

The loan secured by the deed of trust with which we are here concerned is said to be usurious. This assertion is disputed, and the right of the appellants to make such an objection is denied. But in reference to this subject it is sufficient to say that the funds produced by the sale under the deed of trust will be insufficient, after the allowance of trustees' commissions and other expenses of the proceeding, to pay the amount admittedly received by the corporate grantor as the result of the negotiation of the promissory notes secured by the deed. This fact would render the charge of usury immaterial, even if the grantor were not a corporation and precluded as such from interposing such a defense (Code, art. 23, sec. 101A), and if the right of the appellants to make the contention were conceded. Usury would not vitiate the entire loan, but the party entitled to plead it would simply be protected against the illegal excess. *Chipman* v. *Farmers & Merchants National Bank,* 121 Md. 343; *Scott* v. *Leary,* 34 Md. 389.

*Decree affirmed, with costs.*