LIVINGSTON ᴇᴛ ᴜx. *v.* GREEN PROPERTIES, INC.

[No. 195, September Term, 1959.]

*Decided May 12, 1960.*

*Motion for rehearing filed June 7, 1960, denied June 10, 1960.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Hearne, Fox & Bailey* and *Sasscer, Clagett & Powers* for the appellants.

Submitted on record by *Henry A. Babcock* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for costs entered in favor of the appellee, after the court sustained a demurrer, without leave to amend, to a declaration claiming damages for breach of a contract to purchase real estate.

The contract of sale was filed with the declaration. The demurrer not only failed to challenge the plaintiffs' right to file the contract, but relied upon its terms to set up its defense. Cf. *Christian v. Johnson Construction Co.*, 161 Md. 87. The contract was executed on October 14, 1957, recited that in consideration of one dollar and the performance of the terms, covenants and conditions set forth, the vendors "do hereby

bargain, sell and agree to convey", and the purchaser to purchase, a certain described lot, as shown on a plat of record. The declaration alleges that said lot was improved by a building in which was conducted a business known as "State Line Restaurant". The contract provided that the vendors should convey the property subject to the "debts, mortgages, judgments or claims" set out therein. There follows a list of seventeen creditors, including "Bank of Fruitland—$7,537.50", and totalling $18,273.95. It was stated that the amounts shown were not the exact balances due, but the vendors guaranteed that the total indebtedness owed by them on said property would not exceed the amounts shown. The purchaser agreed to assume the liabilities shown and save the vendors harmless from any claim or demand upon them by reason of said liabilities. It was further agreed that the property was sold subject to a lease, and that prepaid rent, in the amount of $600.00, forms part of the purchase price and should be retained by the vendors. The purchaser agreed to pay all unpaid State and County taxes, and the fire insurance premium then due and payable. It was agreed that rent be adjusted as of October 31, 1957, and that the purchaser pay all expenses of "title, papers, revenue and recordation stamps". The vendors covenanted and agreed to pay all debts, claims and judgments other than those shown "which may now or hereafter be or become liens on said property or will secure a waiver thereof as to said property."

The declaration alleges that the Bank of Fruitland held a mortgage in the amount listed in the agreement, and that "by reason of the failure of Green Properties, Inc., to pay the aforementioned mortgage" it was assigned and foreclosed, and the property sold at public auction, along with plaintiffs' home in Delmar. By reason of the failure to carry out the terms of the agreement, assume the liabilities listed, and save the plaintiffs harmless, the plaintiffs have lost the property mentioned and their home, together with $12,000.00 in indebtednesses which they paid or for which they remain liable to the creditors listed, seriously impairing their credit, all of which "loss of said property, money, credit and standing in the community was caused by the failure" of the purchaser to

abide by and carry out the contract. It further alleged that the plaintiffs were "at all times prior to the forced sale * * * ready, willing and able to abide by the terms of the aforementioned agreement".

The trial court took the view that the declaration was defective in not alleging performance or tendered performance by the plaintiffs. But this overlooks, we think, the allegations that the foreclosure, which made it impossible for the vendors to convey, was caused by the failure of the purchaser to perform its agreement to assume this indebtedness and save the vendors harmless, and that the vendors at all times prior to the foreclosure were ready, willing and able to execute a conveyance of their interest in the property. It seems clear that the agreement contemplated an immediate transfer of the beneficial interest in the property to the purchaser. Cf. *Brewer v. Herbert*, 30 Md. 301, 311, and *Kinsey v. Drury*, 146 Md. 227, 232. The purchaser assumed the payment of unpaid taxes and insurance. Rent under the lease was to be adjusted as of October 31, 1957. Nothing remained for the vendors to do except to execute a deed prepared at the purchaser's expense. Their covenants as to claims in excess of, or other than, the claims listed have nothing to do with the case presented by the declaration, and in any event would seem to be matters of defense. Under the circumstances, we think the purchaser cannot set up the failure of the vendors to convey or tender a conveyance which was only prevented by its own breach. As was said in *McKeever v. Washington Heights Realty Corp.*, 183 Md. 216, 226, "A party may commit breach of contract, not only by failing to perform it in whole or in part or by disabling himself from performing it, but also by making it impossible for the other party to perform his part." In *Alois v. Waldman*, 219 Md. 369, 375, we said: "It is well settled that, where cooperation is necessary to the performance of a condition, a duty to cooperate will be implied, and that a party owing such a duty cannot prevail if such failure operates to hinder or prevent performance of the condition. See Restatement, *Contracts,* § 351(1) and § 395, Comment c; *Williston, Contracts,* (Rev. Ed.) §§ 1293, 1293A. Cf. *Black v. Woodrow,* 39 Md. 194, 215; *Milske v. Steiner Mantel*

*Co.,* 103 Md. 235, 249; *Vanadium Corporation v. Fidelity & Deposit Co.,* 159 F. 2d 105, 108 (C. C. A. 2d); *Griffith v. Scheungrab,* 219 Md. 27, 34." See also 3 Corbin, *Contracts,* § 570; Note 41 Harv. L. Rev. 398. In the instant case we think the declaration sufficiently alleges a breach by the appellee that prevented performance by the appellants. We think the declaration states a cause of action and the demurrer should have been overruled.

> *Judgment reversed and case remanded for further proceedings, costs to be paid by the appellee.*

HAMMOND, J., filed the following dissenting opinion.

I cannot agree with my brethren that the declaration states a cause of action, a breach of obligation owed by the buyer to the sellers. In the contract of sale the promise to sell was not only in consideration of the promise of the buyer to assume the mortgages and judgments against the property, but the two covenants were dependent. Where covenants in a contract for the sale of real estate are dependent, it is not enough for the party seeking damages at law for breach of the contract to allege that he was ready, willing and able to perform; he must, if he is to prevail, allege performance of his obligation or tender of performance.

In the contract before us the promises and covenants clearly were dependent. It is so unlikely as to be almost a certainty that a buyer would not have agreed to pay mortgages, judgments and other liens or potential liens until he was given a deed. The contract indicates that delivery of the deed on the one hand, and assumption of the liens and charges on the other were to be contemporaneous. It provides that "Vendors do hereby bargain, sell and agree *to convey* to Purchaser and Purchaser covenants and agrees *to purchase* all that lot or parcel * * *.

1. * * * Vendors *will convey* said property to Purchaser subject to the debts, mortgages, judgments or claims of the following parties: * * *
2. Purchaser covenants and agrees that it *will assume* the

liabilities of Vendors to the persons shown above and *will save* Vendors harmless from any claim or demand upon them by reason of the said liability of indebtedness including accrued interest and court costs." (Emphasis supplied).

The promises and covenants are for the future. The sellers "will convey" the property, subject to listed claims, in return for which the buyer will pay the purchase price in that it "will assume" the listed claims against the property.

In 3 Corbin, *Contracts,* Sec. 662, the learned author traces the history in the English law of the treatment by the courts of the mutual promises to convey and to pay in contracts for the sale of land. They were long held to be independent and unconditional, but over the years it has become clear that they are to be treated as dependent and conditional. Professor Corbin says at page 644: "* * * the modern court would declare that the defendant was not in default, unless the plaintiff had tendered a conveyance or had been excused from making tender by the defendant's repudiation." In Section 663 Professor Corbin discusses the equivalent of the contract which is before us in the present case, that is, a promise to sell Blackacre for $5,000, which sum the purchaser promises to pay. (In the present case the purchase price is the aggregate of the amounts of the listed claims.) He then says: "This is a simple bilateral contract, specifying no time or place or order of performance. Once, the Courts held that the two promises, so exchanged, are mutually independent and unconditional. For a century and a half, this has no longer been true. * * * The two promises are mutually dependent and conditional, and the promised performances are required concurrently and not otherwise. * * * The money and the deed are the agreed equivalents to be exchanged. * * * By making proper tender of his own performance at any reasonable time and place, either party can put the other under a duty of immediate performance. Without such a tender, neither party is in default, or guilty of breach of duty."

In *Rasst v. Morris,* 135 Md. 243, 261, in which the vendor sued to recover part of the purchase price called for by a contract for the sale of real property, this Court observed:

"The plaintiff had agreed to pay the $2,500.00 and other sums, and the defendant could not be required to pay the 299,000 pesos until the plaintiff performed or tendered performance. It was not enough to tell the jury that if the plaintiff was *ready, willing and able to perform* he could recover. They were what are called 'Dependent Covenants or Promises.' It is said in 13 *C. J.* 627, Section 694: 'Where promises which form the consideration for each other are concurrent or dependent, the failure of one party to perform will discharge the other, and one cannot maintain an action against the other without showing performance, or a tender of performance, on his part, unless such performance has been excused.' "

In *Bank of Columbia v. Hagner,* 26 U. S. (1 Pet.) 455, 464, 7 L. Ed. 219, 223, there was a simple contract for the sale of land at an agreed price. The Court said: "In contracts of this description, the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears."

It has been generally held that unless performance or tender had been excused, as where it would have been a futile act, in a suit at law for recovery of the purchase price or damages for breach of contract for the sale of real estate, the declaration must allege that there was a tender of the deed, and it is not enough to allege that the vendor was ready, willing and able to convey. *Sanford v. Cloud,* 17 Fla. 532, 550; *Parker v. Parmele* (N. Y.), 20 Johns. R. 130; *Rasst v. Morris, supra,* at page 261 of 135 Md. Compare *Scarlett v. Stein,* 40 Md. 512, 528. Many cases are collected in an annotation in 35 A. L. R. 108. Cases particularly applicable here will be found at pages 109, 112 and 129. See, for example, *Shinn v. Roberts,* 20 N. J. L. 435, 43 Am. Dec. 636, which was an action for damages for breach of contract. The covenants were held dependent and a tender necessary, the court saying: "A vendor cannot bring his action for breach of the contract without first having executed and tendered the conveyance, unless the purchaser has discharged him from so doing; and an averment of such tender must be made in the declaration, and must be supported by proof." For in-

stances where the performances of the seller and purchaser were held to be independent, and not concurrent, see *Robinson v. Heard,* 15 Me. 296, 301; and *Christian v. Johnson Construction Co.,* 161 Md. 87, 93.

To me the contract before us plainly says that the buyer will assume the obligations listed and will save the sellers harmless when and only when it is given good title by deed to the property it is buying. There is no allegation in the declaration that the sellers ever tendered performance on their part or demanded performance on the part of the buyer. No time is fixed for settlement in the contract of sale, so that settlement within a reasonable time would be implied. Either party had the right to require performance by the other by tender of performance on his part or demand for performance by the other. Unless and until one side was put in default by performance, tender or demand on the part of the other, no breach of obligation arose. There is no allegation in the declaration which states or permits the inference that the buyer in the case before us ever was put in default by the sellers. I think the trial court was right in deciding that the demurrer to the declaration should be sustained for this reason.