# BILLINGSLEY *v.* MITCHELL, ET AL.

[No. 326, September Term, 1969.]

*Decided March 9, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

*Stanley R. Jacobs* for appellant.

*Daniel B. Wiegers* for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

The foreclosure of a first mortgage left a small surplus which the chancellor directed the auditor to show as payable to the appellees, Mr. and Mrs. Mitchell and Mr. and Mrs. Sachs, holders of a note secured by a second lien, a deed of trust, rather than to the appellant, Billingsley, a judgment creditor of the first mortgagor, who became such after the execution and recordation of the deed of trust.

Three sets of husbands and wives, the Mitchells, the Sachses and the Mayers, jointly executed a note secured by a deed of trust on their respective homes to enable the Mayers to borrow money from Pike Associates to buy

their home. A building association held a first mortgage on the Mayers' home. Neither the Mitchells nor the Sachses received any of the borrowed money, some $18,-000, all of it going to the Mayers. It is conceded that no part of the $18,000 was or became purchase money within the contemplation of Code (1968 Repl. Vol.), Art. 66, § 4.

After the execution and recording of the deed of trust, the Mayers failed to make the payments called for by the note, and the trustee began to foreclose under the deed. In order to save their respective homes, the Mitchells and the Sachses paid $14,000 to Pike Associates, which endorsed the note over to their lawyer, who subsequently endorsed it over to them. Thereafter the foreclosure was dismissed, the deed of trust remaining unaltered and undisturbed of record.

When the proceeding for the foreclosure of the first mortgage was instituted, Billingsley noted the dismissal of the earlier proceeding for the foreclosure of the deed of trust, caused inquiry to be made of Pike Associates, the original holder of the note, as to the status of the note and understood the answer to be that it had been paid. The totality of these circumstances caused him to believe that his judgment lien would attach to any surplus after foreclosure and this, he says, led him to bid in the property.

Billingsley's contention is that the chancellor "abused his discretion" in preferring the lien claim of the Mitchells and the Sachses over his judgment lien. He says the question is "whether a co-maker on the original note and deed of trust can claim advantage of the note secured by the deed of trust in order to defeat a judgment lien when no notice of an assignment of a deed of trust is given." In saying that the proper answer to that question is no, appellant contends that (1) deeds of trust are "deeds in the nature of a mortgage" as that term is used in Code (1968 Repl. Vol.), Art. 66, § 26, in providing that the title to all promissory notes "secured by mortgage or

deeds in the nature of a mortgage" shall both before and after the maturity of such notes "be conclusively presumed to be vested in the person * * * holding the record title to such mortgage or deed in the nature of a mortgage," and that upon the release on the record of the mortgage or deed in the nature of a mortgage the note is conclusively presumed to be paid "as far as any lien upon the property conveyed * * * is concerned"; (2) the record title was in trustees for Pike Associates who told him the note was paid and therefore the deed in the nature of a mortgage had been in effect released and the note must be presumed conclusively to be no longer a lien.

He finds support for his argument that the deed of trust is to be regarded as a deed in the nature of a mortgage in the provisions of Code (1968 Repl. Vol.), Art. 66, § 4, which treats alike a mortgage and a deed of trust given by a purchaser of land to secure the purchase money in whole or in part.

We think the chancellor did not have the discretion appellant says he abused. If it be assumed that the results the appellant seeks would follow if the deed of trust was to be equated to a mortgage or a deed in the nature of a mortgage, we think it clear that unless the legislature has so directed, as in § 4 of Art. 66, or the Maryland Rules so provide procedurally, a deed of trust securing a debt although it serves the purpose and performs the function of a mortgage is not in the eyes of the Maryland law a mortgage or a deed in the nature of a mortgage, which are referred to in § 26 of Art. 66. This is now, it appears to us, clearly legislatively recognized. Article 66 is the mortgage article of the Code. Section 1 thereof tells when a deed absolute in form is to be considered a mortgage. Section 2 next provides that "no mortgage or deed in the nature of a mortgage" shall be a lien on any property for any principal sum other or different from that specified in the writing. If § 2 went no further, the reasonable mind in all probability would conclude that the "deed in the nature of a mortgage" referred

to therein was the instrument in form a deed but in fact and law a mortgage referred to in § 1, but § 2 goes on to say: "nor are the provisions hereof intended to apply to deeds of trust in the nature of mortgages or any other deeds of trust to secure bonds, notes or other obligations." We cannot envisage that the term "deed in the nature of a mortgage" which in § 2 of Art. 66 was in effect legislatively specified not to mean "deed of trust in the nature of a mortgage" was in § 26 legislatively intended to include a deed of trust in the nature of a mortgage: It was early established by the cases that the statutory requirements for and the limitations on mortgages for future advances did not apply to deeds of trust. *See* Watkins, *Maryland Mortgages for Future Advances,* 4 Md. L. Rev. 111, 121, and cases cited, as well as *Eisinger Mill & Lumber Co. v. Dillon,* 159 Md. 185. It also was early established that generally deeds of trust are not the same or the equivalent of mortgages or deeds in the nature of mortgages. In footnote 18 on page 117 of his article in 4 Md. L. Rev., Judge Watkins says:

> "That a deed of trust is not a mortgage within the provisions of Md. Code (1924) Article 66, and its predecessors, has often been held. Eisinger Mill, etc. Co. v. Dillon, 159 Md. 185, 190, 158 A. 267, 269-270 (1930); Kinsey v. Drury, 146 Md. 227, 230, 126 A. 125, 126 (1924) (recording statutes); Dudley v. Roberts, 144 Md. 155, 124 A. 883 (1923); Diggs v. Fidelity and Deposit Co., 112 Md. 50, 72, 75 A. 517, 521 (1910); Bank of Commerce v. Lanahan, 45 Md. 396, 408-9 (1876)."

In rejecting the contention that a chattel deed of trust was invalid because it lacked the affidavit of consideration required by then Code (1957), Art. 21, § 50 (now repealed by the UCC) of chattel mortgages and bills of sale, the Court held in *Weidemeyer v. Brekke,* 248 Md. 175, 177-178, that the statutory requirements as to chattel mortgages do not generally apply to chattel deeds of

trust and that the deeds of trust there before the Court were valid. Judge Marbury for the Court said:

> "The appellant also cites a line of cases and authorities to the effect that chattel deeds of .trust are 'in effect a chattel mortgage' or 'one of the common forms which a mortgage takes is a deed of trust * * *,' or 'the conveyance therefore though called a deed is in substance and purpose a mortgage * * *.' These propositions are true in that with respect to both chattel mortgages and chattel deeds of trust the property is conveyed to secure an indebtedness and in each case upon default by the debtor the property may be sold to satisfy the claim of his creditor. What is overlooked by the appellant are the facts that there is a line of cases in this state going back over one hundred years that distinguish instruments that are *in effect mortgages* from those that are *technical mortgages,* and also that the statute involved, Code (1957), Article 21, Section 50 (repealed by Acts of 1963, Chapter 538, Section 1, replaced by Code (1964 Repl. Vol.), Article 95B, Sections 9-101 to 9-507) did not include deeds of trust as instruments requiring an affidavit of consideration."

Cited in support of this proposition was *Charles v. Claggett,* 3 Md. 82, 94, wherein a divided Court affirmed a holding by the trial court that a deed of trust securing a debt was not a "deed of mortgage," or as the dissenting opinion put it, a deed in the nature of a mortgage, and later, *Kinsey v. Drury,* 146 Md. 227, 230-231 ("It has been definitely decided by this Court that a deed of trust securing an indebtedness is not a mortgage within the meaning of various provisions of the recording statutes"). See further *Dudley v. Roberts,* 144 Md. 155, 161 ("As a deed of trust it is not a deed in the nature of a mortgage, and therefore does not come within the said Code provisions [governing mortgages for future ad-

vances]"), and *Bank of Commerce v. Lanahan,* 45 Md. 396.

The mortal blow to appellant's contention was struck by Judge Markell for the Court in *LeBrun v. Prosise,* 197 Md. 466, 474, wherein he noted first that for most purposes a deed of trust to secure a debt is in practical effect a mortgage and is subject to some statutory provisions relating to mortgages, and second that:

> "In the instant case it is not necessary to decide whether a note secured by mortgage is *per se* non-negotiable. It is sufficient to say that section 26 cannot be applicable to this particular deed of trust. This deed of trust secures a negotiable note, whoever may be the holder. The deed of trust need not and properly speaking cannot be assigned like a mortgage, *cf. Jones on Mortgages,* § 1222; *Glenn on Mortgages,* § 338, but the note can be transferred freely, and, when transferred, carries with it the security, if any, of the deed of trust, which was true of a mortgage note before the Act of 1892, ch. 392, amended by Acts of 1910, ch. 719, now section 26."

There is nothing before us to indicate that the Mitchells and the Sachses were not bona fide holders in due course of the note secured by the deed of trust and they are therefore entitled to the protection and priority of the deed's lien. The deed of trust stood unreleased on the record, and knowing this Billingsley had, vis-a-vis a possible holder in due course of the note, no right to rely on a statement by the original noteholder that it or the note had been paid, and under the facts here no other right to assume that the note was not alive in some amount. The orders appealed from will be affirmed.

*Orders affirmed, with costs.*