## GREEN PROPERTIES, INC. *v.* LIVINGSTON ET UX.

[No. 72, September Term, 1962.]

*Decided December 11, 1962.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Horney and Sybert, JJ.

*Henry A. Babcock,* for appellant.

*Hamilton P. Fox,* for appellees.

Brune, C. J., delivered the opinion of the Court.

This is the second time that this case has come before us. The first appeal was from a judgment for costs for the defendant, Green Properties, Inc. (then appellee, now appellant), entered after the trial court had sustained a demurrer to the declaration, without leave to amend. This court reversed the judgment. *Livingston v. Green Properties, Inc.,* 222 Md. 354, 160 A. 2d 594. Following remand the plaintiffs, the Livingstons, recovered a judgment for $10,176.92, from which the defendant appeals.

The contract upon which this suit was based is summarized in the second paragraph of Judge Henderson's majority opinion on the first appeal. Its essential provisions, for present purposes, were: (i) an agreement on the part of the vendors, the Livingstons, to transfer a piece of property improved by a restaurant to the purchaser, Green Properties, Inc., "subject to the debts, mortgages, judgments or claims" of seventeen parties, whose names, together with the approximate amounts due them respectively, were set out; and (ii) agreements by the purchaser to pay taxes and insurance and to "assume the liabilities of [the] Vendors to the" enumerated creditors and to "save [the] Vendors harmless from any claim or demand upon them by reason of the said liability or indebtedness including ac-

crued interest and court costs." The contract stated that the amounts shown were not the exact balances due, but the vendors agreed that the total indebtedness owed by them on the property would not exceed the total of the amounts shown and further agreed to pay or procure a waiver of any other claims which might be or become liens thereon. The contract recited a nominal consideration of $1.00. It is evident that the actual consideration for the transfer by the vendors was the obligation of the purchaser to pay the taxes and insurance and the mortgage, the mechanics' liens and the judgments or claims set forth in the contract.

We think that our decision on the first appeal is determinative against the purchaser on the proposition that its obligations under the contract became fixed when the contract was executed, at which time the vendors' beneficial interest in the property passed to the purchaser.

The appellant claims that there is a discrepancy between allegations and proof with regard to the date of the execution of the contract, that proceedings to foreclose the mortgage (which was the first of the seventeen enumerated claims) had been instituted before the appellant executed the contract, and that the vendors were not ready, able and willing to convey the property in accordance with the terms of the contract. The discrepancy in date, if any, is slight. The declaration stated it as "on or about" October 14, 1957. The proof showed it to have been October 15, or at the latest October 16, 1957. The foreclosure suit, it is true, was instituted on October 15th. The existence of the mortgage was, however, plainly known to the purchaser—indeed the purchaser's agreement to assume it and save the vendors harmless was the largest single item making up the consideration for the transfer—and the proof showed that the vendors, through their attorney, offered to pay the court costs when the assignment of the mortgage and the institution of the foreclosure proceedings became known. The previous opinion of this Court made it clear that the contract contemplated an immediate transfer of the beneficial interest in the property and that the purchaser's own failure to discharge its obligation to assume the mortgage and to save the vendors harmless with respect to it prevented the vendors from

performing or tendering performance, and that the vendors were, therefore, excused from the necessity of doing so.

Our prior opinion clearly construed the contract as imposing an immediate obligation on the purchaser as soon as it was executed to pay the mortgage, not merely to indemnify the mortgagors against any amount which they might be required to pay. We thus find the purchaser's contention that its obligation was merely a contract of indemnity untenable. *Rosenthal v. Heft*, 155 Md. 410, 142 A. 598.

The only other questions pertain to the damages awarded. The amount of the judgment was made up of these elements:

The unpaid balance of the claims enumerated in
the contract and assumed by the purchaser .. $ 6,950.79

Interest thereon .......................... 1,526.13

Loss to vendors by reason of the sale of their
home under the foreclosure of the mortgage 1,700.00

Total ............................... $10,176.92

With regard to the last item, we note that the mortgage referred to in the contract, and foreclosed, covered the vendors' home as well as the restaurant property. The home was sold at foreclosure for $1,700 and the purchaser got the benefit of the net amount realized therefrom through its application to mechanics' liens and judgments which the purchaser had agreed to assume. We find no error in the allowance of this item.

The remaining problem is whether the vendors were entitled to recover for amounts not shown to have been paid by them to lien creditors. At the trial, the correctness of the balance of the amounts not paid as a result of the mortgage foreclosure was admitted, but the purchaser denied that it was liable therefor.

The rule recognized in most jurisdictions in this country which have considered the question is that where a mortgagor sells his interest to a purchaser who agrees to pay the mortgage debt, the purchaser is liable to the mortgagee as a third party beneficiary and is also liable to the mortgagor as promisee, and that the mortgagor need not prove payment of the mortgage debt in order to recover. See 2 Williston, *Contracts* (3rd Ed.), § 392; Restatement, *Contracts*, § 136; 15 Am. Jur.,

*Damages,* § 58. The question was considered in *Rosenthal v. Heft, supra,* in which case the opinion was written by Judge Offutt. There the purchaser bought a property subject to two existing mortgages. There was no express agreement in so many words that the purchaser was to pay these mortgages, but there was an express agreement that the amount of the mortgages was to be deducted from the purchase price. This court held that in these circumstances the purchaser had undertaken a personal obligation to pay the mortgages, and this court approved an instruction granted by the trial court which was in accordance with that holding. The trial court had also granted an instruction to the effect that upon the purchaser's failure to make the payments due on the mortgages, an action accrued to the vendors. This Court held that the latter instruction "as a mere abstraction goes too far, and in our opinion the sounder and the better rule is that no right of action accrued to the vendors until their liability has been judicially determined, or until they had paid the mortgage debts." (155 Md., at 426.) The Court then added that there had been no injury in that case, because it appeared that such liability had been judicially determined. In *Rosenthal v. Heft, supra,* the first mortgage had been foreclosed and a deficiency established, and the holders of the second mortgage had obtained a judgment against the appellees on the mortgage and mortgage notes which the appellees had executed. We think that the same rule applies to the other obligations here assumed as to the mortgage debt.

Here we have no proof of what amounts, if any, the vendors-appellees have paid. The purchaser-appellant did stipulate that "the mathematics are correct" as to the balance which the vendors stated remained unpaid of the indebtedness itemized in the contract of sale after application of the proceeds of the mortgage foreclosure, and interest thereon. The purchaser objected to the admission of these figures in evidence for the reasons that the creditors were not parties to the suit, that any amounts due them would have to be recovered by them personally, and that there was no assurance that the amount of any judgment would be applied to pay off these claims.

(There was a further contention that it was "apparent" that all of these claims could be settled for less than their aggregate amount. The trial court pointed out that there was nothing in the record to make it apparent, and that objection was seemingly not pressed, nor was any evidence later adduced to support it.) The court then admitted these figures in evidence. We think that this was enough, together with the figures shown by the contract and by a copy of the auditor's account in the mortgage foreclosure case, both of which were in evidence, to amount to a judicial determination of the amount and so to meet the rule of *Rosenthal v. Heft, supra.* There is, doubtless, some risk of hardship on the purchaser through his being liable to two persons (even though his promisee, the vendor could not enforce his judgment against the purchaser for amounts which the latter had paid to the creditor). As is pointed out, however, in 4 Corbin, *Contracts,* § 796, p. 157, in discussing the problem in a situation very similar to that before us, the purchaser could readily avoid any such possible hardship by simply complying with his contractual obligation to pay the mortgage.

In accordance with the above views the judgment will be affirmed.

*Judgment affirmed, with costs.*