BRICE ET AL. *v.* GRIFFIN ET UX.

[No. 340, September Term, 1972.]

*Decided July 27, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*John C. LaPrade,* with whom was *Hugh A. Feeley* on the brief, for appellants.

*Irving H. Fisher*, with whom were *Fisher & Walcek* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

This is an appeal from the $3,380.70 portion of a judgment entered in the Circuit Court for Prince George's County in favor of the appellees, Charles and Marilyn Griffin, against appellants, Charles Brice and Charles Gaddis.[1] The facts of this case have never been in dispute; however, the application of the law to those facts is vigorously contested. The evidence shows that the Griffins, as owners of an apartment building located on 28th Place, S. E., Washington, D. C., contracted with the appellants, on December 28, 1969, to sell them that building for a total purchase price of $64,221.23. Appellants were to take title to the property "subject to a first and second deed of trust."[2] The sale was consummated on January 15, 1970 with the pertinent parts of the settlement sheet showing the following:

|  | Debit | Credit |
|---|---|---|
| "Price paid for property |  | $64,221.23 |
| First trust note (People's Life) 12/30 | $49,298.44 |  |
| Interest on first trust note 1-14 Jan. | 115.02 |  |
| Second trust note (Groner) 12/14 | 11,922.79 |  |
| Water escrow for final bill, if any due | 50.00 |  |
| New trust note to sellers | 2,300.00 |  |
| Balance to seller | 534.98 |  |
|  | $64,221.23 | $64,221.23" |

As may be seen from this settlement statement, in order to account for the full purchase price, the sums then due under the first and second trusts were deducted from that amount.

---

1. The total judgment was for $5,874.05. But that portion of the judgment awarding the Griffins $2,493.35 for moneys owed them by the appellants under a third deed of trust has been paid into the registry of the court and is not the subject of this appeal.

2. The contract of sale was apparently executed in Clinton, Maryland with settlement under it also apparently being conducted in this State. In any event, neither side contends that the law of Maryland is not applicable in this dispute.

About eighteen months after this purchase, the second trust note holder, Erwin Groner, advised the Griffins, as the signators to that instrument, that there was a delinquency in the payments due under both the first and second trusts. This was followed three weeks later by the owner of the first trust note, People's Life Insurance Co. of Washington, D. C., advising the Griffins that, because payments for the last four months due it on the note in the amount of $3,075.54 were in arrears, it was then preparing to institute foreclosure proceedings. There is no dispute here that this amount as well as the $2,300 owed the Griffins by the appellants under the third trust were in fact then due. In order to prevent this threatened foreclosure, the Griffins paid Groner (apparently to be forwarded by him to People's Life) the amount required to satisfy the delinquency on the first trust in exchange for his promise to hold them harmless for any deficiency that may result from a default in payments under the second trust. Additionally, in connection with that payment, the Griffins reserved any rights to reimbursement they might have against the appellants for the sums advanced. Later, when they did not receive reimbursement or payment on their third trust, the Griffins filed this suit.

Here, as in the trial court, appellants' resistance to reimbursement is based principally on the theory that they did not assume the first and second deed of trust obligations and therefore are not liable to the Griffins on them. As did Judge Loveless in the trial court, we reject this hypothesis, since we conclude that as between the parties to this case the appellants had assumed the obligation of paying the outstanding indebtedness on the property which they purchased, and of protecting their vendors against any liability on account thereof.

The law is clear in this State that the mere purchase of a property subject to an existing mortgage or deed of trust does not create a personal obligation on the part of the purchaser to pay it. *McKenna v. Sachse, Executor,* 225 Md. 595, 171 A. 2d 732 (1961); *Wright v. Wagner,* 182 Md. 483, 34 A. 2d 441 (1943); *Rosenthal v. Heft,* 155 Md. 410, 142 A. 598

(1928). But, the law here is equally clear, if the purchaser assumes the payment of an existing mortgage or deed of trust as a part of the purchase price of the property, then, in that event, it becomes his duty to satisfy the obligation, and to protect his vendor against any demands that may be made for payment of the debt it secures. *Wright v. Wagner; Rosenthal v. Heft*, both *supra*. Whether the purchaser as between a vendor and vendee assumes the payment of such an existing obligation is a matter for agreement, which may be either express or implied, written or parol, and even separate from the deed conveying the property; but, in the absence of an express contrary agreement, an assumption will be implied when, as here, the amount then due under the trust obligation has been deducted from the purchase price. *Wright v. Wagner; Rosenthal v. Heft*, both *supra*.

In this case, the appellants contracted to take title to the apartment property "subject to the first and second deed of trust." Standing alone, and without relating it to the agreed upon purchase price, that language would mean that Brice and Gaddis acquired only the equity of redemption and thereby assumed no personal responsibility to pay the obligations created by the existing deeds of trust. But here, as the settlement sheet demonstrates, instead of paying the purchase price in full, appellants elected to deduct from that price the sums due under the two existing trusts. In these circumstances, what we said in *Rosenthal v. Heft, supra* at 420, a case with a factual pattern remarkably similar to the one here, is appropriate:

> "When [the purchaser] elected to 'deduct' the amount due on the mortgages from the 'purchase price,' he must have 'deducted' it to pay the mortgages, for otherwise, instead of deducting it from the purchase price, he would have bought the equity of redemption for the difference between the amount due on the mortgages, and the purchase price, but, in the absence of any evidence qualifying the language of the contract and the deed, we cannot assume that the [vendor] intended, and that [the vendee] understood, that he was to retain out

of the purchase price the amount due on the mortgages, without any obligation on his part to pay the mortgages, so as to exonerate the [vendor] from any liability on account thereof. A more reasonable assumption is that by that arrangement he undertook, as a part of the purchase price, to pay the mortgages when and as they became due." *See also, Wright v. Wagner, supra.*

It is reasonable to make the same assumption here.

However, appellants argue that *Rosenthal* is inapposite since here there has been no foreclosure or other judicial proceeding determining a deficiency and compelling the Griffins to make the payments they did. The answer to this contention is also found in *Rosenthal v. Heft, supra* at 426, where, after rejecting a broad approach that would hold that a vendor's right of action accrued when his vendee failed to pay, when due, the mortgage indebtedness he had assumed, we said that: "the sounder and the better rule is that no right of action accrued to the vendors until their liability has been judicially determined, *or until they had paid the mortgage debts.*" (Emphasis added.) For a case readopting this language see *Green Properties v. Livingston,* 230 Md. 193, 197-98, 186 A. 2d 475 (1962).

We conclude that under the well settled law of this State, when the appellants purchased this apartment property, they assumed personal responsibility to pay the obligations of the vendors created under the existing deeds of trust as well as a duty to protect and exonerate the appellees from any demands that might be made against them for those debts. As the Griffins were called upon to satisfy and did pay an arrearage concededly due, the trial court was correct in awarding them damages in the amount of that payment, plus interest.

*Judgment affirmed.*
*Costs to be paid by appellants.*