296 So.2d 588 (1974)
J.M. REALTY INVESTMENT CORP. and Roderick Mee, Appellants,
v.
Richard I. STERN, Appellee.
No. 73-1461.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Rehearing Denied July 15, 1974.
Reiseman & Buchbinder, Miami, for appellants.
Marks, Keith, Mack & Lewis, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of an order denying defendant's motion for relief from final judgment of foreclosure.
Plaintiff-appellee, Richard I. Stern, for $220,000 sold five apartment buildings, which at the time were encumbered by a $150,000 first mortgage held by the Dade Federal Savings and Loan Association (DFS), to the defendant-appellant, J.M. Realty Investment Corporation. Defendant corporation paid the plaintiff $35,000 in cash and executed a purchase money mortgage in the sum of $181,953.77 which represented the aggregate of the first mortgage to DFS and the amount due plaintiff as a second mortgage.[1] By the terms thereof, the purchase money mortgage executed by the defendant was considered to be a "wrap-around" mortgage *589 and plaintiff mortgagee was obligated thereby to make the payments on the senior DFS mortgage. Pursuant thereto, on November 15, 1971 defendant-appellant began to make the required $1,526.95 monthly payments to the plaintiff. However, defendant defaulted on the payment due June 15, 1973 and on subsequent payments, and plaintiff thereupon instituted the instant action to foreclose the mortgage. While the action was pending, plaintiff continued to make the monthly payment on the DFS senior mortgage. DFS was not made a party to the foreclosure suit. The court entered a final judgment of foreclosure, determined that the amount owed plaintiff by the defendant was $185,850.62 for principal and accrued interest, plus court costs and attorneys' fees, and ordered that if payment was not forthcoming, the property was to be sold. The judgment further provided that the Clerk of the Court shall pay the DFS, the holder of the first mortgage, the principal, interest and prepayment penalties owing, unless plaintiff is the successful bidder at the sale, in which case the clerk shall not pay off the first mortgage. Subsequent thereto, defendant filed a motion for relief from final judgment of foreclosure wherein it alleged that less than $50,000 was actually owed to plaintiff, since the remainder of the judgment was owed to DFS which was not a party to the action and did not desire prepayment of its mortgage. After a hearing was held thereon, the trial judge denied the motion and defendant appeals the denial thereof.
On appeal, appellant mortgagor contends that the plaintiff, the holder of a junior mortgage, cannot by foreclosure of its mortgage and without joinder or request of the senior mortgagee, compel the acceleration and prepayment of the junior mortgage.
We have determined that in essence appellant mortgagor is seeking to have the court either modify or rewrite the provision of the subject "wrap-around" mortgage so that appellant may be allowed to pay off the difference between the balance due on the DFS mortgage and the balance due on what is argued as the plaintiff seller's second mortgage, rather than being required to pay the full amount of the "wrap-around" mortgage. This court cannot and will not modify the terms of the instant mortgage as we are powerless to rewrite contracts in order to relieve one of the parties thereto from the apparent hardships of an improvident bargain. Savage v. Horne, 159 Fla. 301, 31 So.2d 477 (1947).
Further, we find that the plaintiff seller's corporation by the terms of the wrap-around mortgage was liable on the DFS mortgage and in absence of satisfaction thereof, the corporation's liability thereon would continue.
Finally, we note that the exercise of power pursuant to Fla. Stat. § 702.07, F.S.A., which was relied upon by defendant-appellant to set aside the judgment of foreclosure, is within the discretion of the trial judge and appellant has failed to demonstrate an abuse thereof. Cf. Maule Industries, Inc. v. Seminole Rock & Sand Co., Fla. 1956, 91 So.2d 307.
Accordingly, for the reasons cited hereinabove the order herein appealed is affirmed hereby.
NOTES
[1] $ 35,000 cash
 150,000 DFS mortgage
 35,000 [*] second mortgage to seller
 ________
 $220,000 total

[*] The $3,046.23 difference between $35,000 and $31,953.77 represents credits for prepaid rents, security deposits, taxes, etc.