# ALAN L. DAUGHARTHY ET UX. *v.* MONRITT ASSOCIATES

[No. 28, September Term, 1981.]

*Decided May 12, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Francis A. Shaffer,* with whom were *Collier & Shaffer* on the brief, for appellants.

*Allan G. Slan,* with whom were *Katz, Frome & Slan, P.A.* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

In recent years, the wrap-around mortgage has achieved widespread use in the financing of real estate transactions. S. M. Guerin, *Selected Problems in Wrap-Around Financing: Suggested Approaches to Due-On-Sale Clauses and Purchaser's Depreciable Basis,* 14:3 U.Mich.J.L.Ref. 401, 401 (1981). This case concerns the application of principles of real property law to wrap-around mortgages. More particularly, this case presents a question concerning the circumstances under which an assumption of the obligation to pay a debt embodied in a pre-existing deed of trust will be implied when a buyer has executed a subsequent deed of trust providing that it is "subject to and wraps around" the pre-existing deed of trust.

In 1977, the appellants, Alan L. Daugharthy and Elizabeth Daugharthy, sold certain real property to the appellee, Monritt Associates, a Maryland Limited Partnership, for $200,000.00. At settlement, Monritt gave the appellants a promissory note and a deferred purchase money deed of trust dated 21 September 1977 (pre-existing 1977 deed of trust) securing the principal sum of $163,036.00 with interest at the rate of 8½% per annum. The pre-existing 1977 deed of trust provided in pertinent part:

"The parties agree that the said deferred purchase price Deed of Trust *shall be assumable by a later purchaser,* should grantor herein sell the property to a third party, provided, however, that the note holders, or assignee or assignees, shall have the right to change the rate of interest to a prevailing rate of interest as of the time of such assumption." (Emphasis added.)

In 1980, Monritt (seller) sold the property to Joseph Gerald Kurtinitis and Sandra Kurtinitis (buyers) for $275,000.00. At settlement, the buyers gave the seller a promissory note and a deferred purchase money wrap-around deed of trust (1980 wrap-around deed of trust) securing a principal sum of $235,000.00 with interest at the rate of 10% per annum. The 1980 wrap-around deed of trust provided in pertinent part:

"This Deed of Trust *is subject to and 'WRAPS AROUND' that certain Deed of Trust dated September 21, 1977* and recorded in Liber 5035 at Folio 135 of the Land Records of Montgomery County, Maryland. The unpaid principal balance of the indebtedness secured by said Deed of Trust, as of January 21, 1980, is approximately $158,347.00 and that amount is *included* in the indebtedness of $235,000.00 secured hereby. *The holder* of the promissory note secured hereby, *in accepting monthly payments* hereunder, *agrees to pay from such payments the monthly payments as required by the terms of the aforementioned Deed of Trust* as such payments become due and payable on the Note

secured by said Deed of Trust dated September 21, 1977 and recorded in Liber 5035 at Folio 135. *In the event the holder* of the promissory note secured hereby *fails to make the payments* as required under the terms of the above referred 'WRAPPED AROUND' Deed of Trust *the grantor herein shall be entitled to pay such installment due on said 'WRAPPED AROUND' Deed of Trust* and to apply such payment as a credit against the next installment due under the promissory note secured hereby.

. . .

"The grantor further agrees to comply with all of the terms, covenants and conditions of said 'WRAPPED AROUND' Deed of Trust, *other than with respect to the liability for the payment of the principal sum and/or the payment of the monthly installments of principal and interest due under said Deed of Trust.* In the event the grantor shall fail to so comply with any of the terms, provisions and conditions of said 'WRAPPED AROUND' Deed of Trust and such failure shall result in a default thereunder, *except with respect to the payment of the monthly payments of principal and interest and the liability for the payment of the principal sum,* such failure on the part of the grantor herein shall automatically constitute a default under this Deed of Trust. . . ." (Emphasis added.)

The settlement sheet applicable to this transaction showed the $235,000.00 indebtedness under the 1980 wrap-around deed of trust as a debit to the seller against the $275,000.00 purchase price.

In 1980, the appellants notified the buyers and the seller that they viewed the 1980 wrap-around deed of trust as an assumption of the pre-existing 1977 deed of trust and were electing to increase the rate of interest on the obligation embodied in the pre-existing 1977 deed of trust from 8½% per annum to 14% per annum. The buyers responded that they had taken the property "subject to" the pre-existing

1977 deed of trust and that the transaction did not involve an assumption of the debt embodied in that pre-existing encumbrance. Thereafter, the appellants notified the seller that they were demanding the unpaid balance and accrued interest outstanding on the pre-existing 1977 deed of trust and that failure to respond within 10 days would result in the immediate institution of foreclosure proceedings.

On 31 March 1980, in the Circuit Court for Montgomery County, the seller filed a Bill of Complaint for Declaratory Judgment and For Injunction to Stay Foreclosure. The complaint requested a declaration that the seller was not in default under the pre-existing 1977 deed of trust and that it was not liable for payment of an increased rate of interest. The complaint also sought an injunction against the appellants prohibiting them from instituting a foreclosure proceeding.

After a hearing on cross motions for summary judgment, the trial court found that the 1980 wrap-around deed of trust embodied an express agreement that the buyers had not assumed the obligation to pay the debt arising from the pre-existing 1977 deed of trust. The trial court granted the seller's motion for summary judgment and denied the appellants' motion for summary judgment. On 9 February 1981, the trial court entered a decree declaring that the seller was not in default of payments due under the pre-existing 1977 deed of trust. The trial court's order enjoined the appellants from accelerating the sum due under the pre-existing 1977 deed of trust, from increasing the rate of interest under that encumbrance, and from instituting foreclosure proceedings.

On 23 February 1981, the appellants filed an appeal to the Court of Special Appeals. On 9 April 1981, they filed a petition for a writ of certiorari to this Court. We issued a writ of certiorari before consideration by that Court.

Here, as in the trial court, the appellants' basic contention is that the buyers assumed the obligation to pay the pre-existing 1977 deed of trust. This position is premised upon three factors. Relying on *Brice v. Griffin,* 269 Md. 558, 307 A.2d 660 (1973), the appellants initially assert that an

assumption must be implied because the settlement sheet reflects that the buyers elected to deduct the amount due on the pre-existing 1977 deed of trust from the purchase price. The appellants further assert that an assumption must be implied because the buyers are in fact making the payments due under the pre-existing 1977 deed of trust. In support of this position, they point out that the 1980 wrap-around deed of trust expressly provides that the seller must make the monthly payments due under the pre-existing 1977 deed of trust from monthly payments made by the buyers under the 1980 wrap-around deed of trust. Additionally, the appellants allege that an assumption must be implied because the pre-existing 1977 deed of trust requires a subsequent purchaser to assume the obligations of that encumbrance. In support of this position, they point out that the pre-existing 1977 deed of trust expressly provides that that encumbrance "shall be assumable by a later purchaser." The appellants conclude that because the buyers assumed the obligations of the pre-existing 1977 deed of trust, the appellants were justified in demanding a change in the rate of interest. We do not agree.

In Maryland, there is a distinction between the sale of property "subject to" an existing mortgage or deed of trust and such a sale with an assumption of an existing mortgage or deed of trust. Ordinarily, when there is a sale of property subject to an existing mortgage or deed of trust, the purchaser does not become personally responsible for payment of the obligation. However, when there is an assumption of an existing mortgage or deed of trust, the buyer undertakes personal responsibility for the payment of the obligation arising under the existing encumbrance. The purchase of property subject to a specified encumbrance is not an agreement to assume and pay the encumbrance. In order to establish that an assumption has occurred, there must be an agreement, express or implied, written or parol, incorporated in or separate from the deed conveying the property. Such an agreement may be shown so long as it does not tend to vary or contradict the material terms of the deed. In the absence of an express contrary agreement, an assumption

will be implied when the amount due under the trust obligation has been deducted from the purchase price. *Brice,* 269 Md. at 560-61, 307 A.2d at 661-62; *Rosenthal v. Heft,* 155 Md. 410, 419-21, 142 A. 598, 602-03 (1928); *Chilton v. Brooks,* 72 Md. 554, 558-59, 20 A. 125, 126-27 (1890).

These principles were most recently articulated in *Brice.* There, the sellers sold the buyers a building for $64,221.23. The buyers were to take title "subject to a first and second deed of ᐧ trust." The settlement statement showed the amounts due under the first and second trust as debits against the purchase price indicating that the buyers had elected to deduct the amounts due under the first and second trust from the purchase price.

This Court held that in the absence of an express contrary agreement the buyers' election to deduct from the purchase price the amounts due under the pre-existing deeds of trust constituted an agreement to assume the obligation to pay the amounts due under the pre-existing deeds of trust. In reaching this result, this Court said:

> "The law is clear in this State that the mere purchase of a property subject to an existing mortgage or deed of trust does not create a personal obligation on the part of the purchaser to pay it. But, the law here is equally clear, if the purchaser assumes the payment of an existing mortgage or deed of trust as a part of the purchase price of the property, then, in that event, it becomes his duty to satisfy the obligation, and to protect his vendor against any demands that may be made for payment of the debt it secures. *Whether the purchaser as between a vendor and vendee assumes the payment of such an existing obligation is a matter for agreement, which may be either express or implied, written or parol, and even separate from the deed conveying the property; but, in the absence of an express contrary agreement, an assumption will be implied when, as here, the amount then due under the trust obligation has been deducted from the purchase price.*

"In this case, the appellants contracted to take title to the apartment property 'subject to the first and second deed of trust.' Standing alone, and without relating it to the agreed upon purchase price, that language would mean that Brice and Gaddis acquired only the equity of redemption and thereby assumed no personal responsibility to pay the obligations created by the existing deeds of trust. But here, as the settlement sheet demonstrates, instead of paying the purchase price in full, appellants elected to deduct from that price the sums due under the two existing trusts. In these circumstances, what we said in *Rosenthal v. Heft*, [155 Md.] at 420, [142 A. at 603,] a case with a factual pattern remarkably similar to the one here, is appropriate:

> 'When [the purchaser] elected to "deduct" the amount due on the mortgages from the "purchase price," he must have "deducted" it to pay the mortgages, for otherwise, instead of deducting it from the purchase price, he would have bought the equity of redemption for the difference between the amount due on the mortgages, and the purchase price, but, in the absence of any evidence qualifying the language of the contract and the deed, we cannot assume that the [vendor] intended, and that [the vendee] understood, that he was to retain out of the purchase price the amount due on the mortgages, without any obligation on his part to pay the mortgages, so as to exonerate the [vendor] from any liability on account thereof. A more reasonable assumption is that by that arrangement he undertook, as a part of the purchase price, to pay the mortgages when and as they became due.'

It is reasonable to make the same assumption here." *Brice,* 269 Md. at 560-62, 307 A.2d at 661-62 (citations omitted) (emphasis added).

Thus, this Court reaffirmed the principle that in the absence of an express contrary agreement, an assumption will be implied when the amount due under a trust obligation has been deducted from the purchase price.

Here, unlike *Brice,* there was an express agreement between the buyers and seller governing, as between them, the obligation to pay the amount due under the pre-existing 1977 deed of trust. The 1980 wrap-around deed of trust provides that it is "subject to" the pre-existing 1977 deed of trust. It states that the balance of the indebtedness secured by the pre-existing 1977 deed of trust is included in the amount of indebtedness secured by the 1980 wrap-around deed of trust. It further states that the seller, who receives the buyers' monthly payments under the 1980 wrap-around trust, agrees to pay monthly payments to the appellants under the pre-existing 1977 deed of trust. It additionally states that in the event of the seller's default, the buyers are entitled, but not obligated, to make monthly payments due under the pre-existing 1977 deed of trust to the appellants. Finally, the 1980 wrap-around deed of trust expressly provides that the buyers are not personally liable for the payment of the amounts due under the pre-existing 1977 deed of trust.

The language of the 1980 wrap-around deed of trust is plain and unambiguous. It establishes the seller's obligation to pay the amount due under the pre-existing 1977 deed of trust. More important, it negates an intention on the part of the buyers to assume personal responsibility to pay the obligations arising under the pre-existing 1977 deed of trust. In light of the express language embodied in the 1980 wrap-around deed of trust governing the obligations of the buyers and the seller to pay the amounts due under the pre-existing 1977 deed of trust, we can only conclude that the buyers did not agree to assume personal responsibility to pay the obligations arising under that pre-existing encumbrance.[1]

---

1. In view of our decision, we need not consider the appellants' contention that under the circumstances here an assumption by the buyers of the obligation to pay the amounts due under the pre-existing 1977 deed of trust should be implied.

Under the circumstances here, the seller was not in default of payments under the pre-existing 1977 deed of trust. The trial court did not err in enjoining the appellants from accelerating the sum due under the pre-existing 1977 deed of trust, from increasing the rate of interest under that encumbrance, and from instituting foreclosure proceedings.[2] Accordingly, we shall affirm the judgment of the trial court.

*Judgment affirmed.*
*Costs to be paid by appellants.*

---

2. In view of our decision, we need not consider the question whether under Md. Code (1974, 1980 Repl. Vol.) § 3-405(a) of the Courts and Judicial Proceedings Article, the buyers were necessary parties, a question that was not raised or determined in the trial court, and was not raised here.