Nelson N. LEE, et ux., Petitioners,

v.

KEY WEST TOWERS, INC., et al., Respondents.

No. C-6820.

Supreme Court of Texas.

June 21, 1989.

Rehearing Denied Feb. 28, 1990.

Mark Z. Levbarg, Austin, for petitioners.

Patrick A. Pirtle, Kenneth W. Gentry, Austin, for respondents.

## OPINION

PHILLIPS, Chief Justice.

This case involves two issues: the calculation of a deficiency or surplus after foreclosure of a mortgage securing a "wraparound note," and the effect of a verified denial filed within seven days of trial. For the reasons set forth in our decision today in *Summers v. Consolidated Capital Special Trust*, 783 S.W.2d 580 (Tex.1989), we hold that the amount bid at the foreclosure sale should be credited against the outstanding balance of the note. We also hold that under our previous decision in *Goswami v. Metropolitan Savings & Loan Ass'n*, 751 S.W.2d 487 (Tex.1988), the court of appeals erred in failing to treat the verified denial as properly filed. We therefore reverse the judgment of the court of appeals, 742 S.W.2d 28 (1987), and remand to that court for further consideration.

In October 1980, Nelson and Alice Lee sold a hotel to Richard O. Eid and Key West Towers for $1,125,000. Key West executed a note to the Lees for $1,125,000 (the Lee note) which was secured by a deed of trust on the property. The Lee note "wrapped" or included the unpaid balance of an earlier note, the O'Leary note, which the Lees executed when they purchased the hotel from the O'Learys. The Lee note and deed of trust obligated the Lees to make corresponding payments on the O'Leary note out of the payments received from Key West. Additionally, Key West and Eid executed an agreement guaranteeing the payment of the O'Leary note. Key West defaulted on its note, causing a chain of defaults back to the first lienholder, Ray Berney Enterprises, Inc. and C. R. Peters, who initiated foreclosure proceedings and bought the property at the trustee's sale for a high bid of $700,000.

Following the foreclosure, the O'Learys brought suit against the Lees, Key West and Eid on the O'Leary note. The Lees brought a cross action against Key West and Eid on the Lee note. Key West and Eid filed an original answer to the Lees' cross claim three days prior to trial. The answer contained a general denial and verified denial in which Eid denied liability in his individual capacity.

The trial court found that the O'Learys were entitled to judgment against the Lees on the O'Leary note and against Key West and Eid, jointly and severally, on the guaranty agreement in the amount of $157,489.85 plus interest, costs, and attorney's fees. On the Lees' cross claim, the trial court rendered judgment against Key West and Eid, jointly and severally, on the Lee note for $73,702.70 plus interest, costs, and attorney's fees. In computing the amount owed by Key West and Eid on the Lee

note, the trial court credited the unpaid balance owed by the Lees on the O'Leary note.

On appeal, the Lees contended that the trial court erred in failing to credit the bid price from the foreclosure sale against the entire amount of Key West and Eid's obligation on the Lee note *rather* than crediting it against the amount by which the Lee note exceeded the O'Leary note. The court of appeals disagreed, applying the so-called "true debt" approach and holding that the balance due on the prior debts must be subtracted from the balance due on the Lee note. 742 S.W.2d 28, 32 & n. 3. The court of appeals also held that since Eid failed to file his verified pleading within seven days of trial, Eid had not properly raised his defense of lack of capacity below and could not urge it on appeal.

### Application of Proceeds

■ In *Summers v. Consolidated Capital Special Trust*, 783 S.W.2d 580 (Tex. 1989), the court adopted the "outstanding balance" approach for calculating deficiency judgments in cases involving wraparound notes. Under this approach, Key West and Eid are liable to the Lees for the entire amount of the Lee note less the amount bid at foreclosure. In holding otherwise, the court of appeals erred.

### Verified Denial

■ Eid brings a separate application for writ of error, urging that the court of appeals erred in affirming the judgment of the trial court that he was personally liable on the Lee note. Eid contends that he is liable on the note only in his representative capacity as president of Key West, not individually. He first raised this defense to the Lee's cross-claim only three days before trial by verified denial. Eid made no request for leave of court to file the pleading, nor did the Lees file any exception to it. Eid argues that leave of court was not required because the pleading constituted an original answer, or in the alternatively, a supplemental answer, but not an amended answer. The Lees argue that leave of court was required because, under Tex.R.Civ.P. 92, Eid was deemed to have pleaded a general denial in response to the cross-claim. Eid's responsive pleading was therefore an amended pleading, for which leave of court had to be obtained since it was offered for filing within seven days of trial. Tex.R.Civ.P. 63.

We agree with the Lees that Rule 63 applies. If a response to a counterclaim or cross-claim filed within seven days were treated as an original answer, requiring no leave of court, parties would be encouraged to wait as close to trial as possible to file an operative answer. This would not serve the ends of justice. Accordingly, responsive pleadings to counterclaims and cross-claims filed within seven days of trial will be treated as answers which amend a Rule 92 general denial.

■ The court of appeals was incorrect in its application of Rule 63, however. As we held in *Goswami v. Metropolitan Savings & Loan Assoc.*, 751 S.W.2d 487 (Tex. 1988), Rule 63 is to be liberally construed. Thus, where "the record is silent of any basis to conclude that the amended petition was not considered by the trial court, and inasmuch as [there was no showing of] surprise or prejudice, leave of court is presumed." *Id.* at 490. As in *Goswami*, the record here does not reflect whether leave of court was requested or granted, nor is there any indication that the trial court refused leave to file the amended petition. Since there is no basis in the record to conclude that Eid's amended petition was not considered by the trial court, and inasmuch as the Lees did not show any surprise or prejudice, leave of court is presumed. We therefore conclude that the question of Eid's personal liability was properly before the appellate court for review.

Accordingly, we reverse the judgment of the court of appeals and remand for that court to consider the issue of Eid's personal liability and to calculate the amount of damages to be awarded to the Lees.

MAUZY, J., files a dissenting opinion in which SPEARS and RAY, JJ., join.

MAUZY, J., dissenting.

The court has this day in *Summers v. Consolidated Capital Special Trust*, 783 S.W.2d 580 (Tex.1989), construed the provisions of a wrap-around note and deed of trust. For the reasons set out in my dissent in *Summers*, I dissent to the court's holding under the so-called "outstanding balance approach" that Key West and Eid are liable to the Lees for the entire amount of the Lee note less the amount bid at foreclosure. I would affirm the court of appeals.

SPEARS and RAY, JJ., join in this dissent.