Clifford W. **HOELSCHER** and Joyce A. Hoelscher, Appellants,

v.

**GFH FINANCIAL SERVICES, INC., Appellee.**

No. 05–90–00819–CV.

Court of Appeals of Texas, Dallas.

Aug. 9, 1991.

Steven L. Woolard, Fort Stockton, for appellants.

Charles E. Jones, Jr., Sweetwater, for appellee.

Before STEWART, THOMAS and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Clifford and Joyce Hoelscher appeal both the interlocutory summary judgment and the final judgment entered by the trial court. In a single point of error, the Hoelschers contend the district court lacked subject matter jurisdiction. In two cross-points, GFH Financial Services, Inc. contends the trial court erred in: (1) entering an interlocutory judgment without prej-

udice to the Hoelschers' counterclaim; and (2) awarding attorney's fees to the Hoelschers. We affirm in part and reverse and remand in part.

## PROCEDURAL BACKGROUND

GFH sued the Hoelschers for breach of an agricultural equipment lease on November 28, 1988. The Hoelschers filed a general denial. GFH then moved for summary judgment. The Hoelschers did not respond to GFH's motion. Instead, the Hoelschers filed an amended answer that added a counterclaim alleging that GFH violated section 17.46(b)(22) of the Deceptive Trade Practices Act (the Act) by filing suit in Dallas County.[1] The trial court rendered an interlocutory summary judgment in favor of GFH on its claim for breach of the lease contract without prejudice to the Hoelschers' counterclaim. The trial court later heard the Hoelschers' counterclaim and rendered a final judgment awarding the Hoelschers one dollar in actual damages and $2125 in attorney's fees. The trial court also awarded $2516 in attorney's fees to GFH.

## SUBJECT MATTER JURISDICTION

In a single point of error, the Hoelschers contend the district court lacked subject matter jurisdiction. They assert that section 17.46(b)(22) of the Deceptive Trade Practices Act is a jurisdictional provision. They maintain the section must be jurisdictional because "if a deceptive act is by the legislature declared to be unlawful, the same legislature could not intend to bestow upon the courts the power to assist in, aid in, or continue an unlawful act." In response, GFH argues the section "is a venue right to be sued in a particular county which can be asserted by a consumer." We hold that section 17.46(b)(22) is neither a jurisdictional statute nor a venue statute.

Section 17.46(b)(22) provides:

(b) Except as provided in Subsection (d) of this section, the term "false, mislead-

---

1. The Hoelschers reside in Glasscock County, Texas. The contract was executed in Pecos County, Texas.

ing, or deceptive acts or practices" includes, but is not limited to, the following acts:

\* \* \* \* \* \*

(22) filing suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract; provided, however, that a violation of this subsection shall not occur where it is shown by the person filing such suit he neither knew nor had reason to know that the county in which such suit was filed was neither the county in which the defendant resides at the commencement of the suit nor the county in which the defendant in fact signed the contract.

TEX.BUS. & COM.CODE ANN. § 17.46(b)(22) (Vernon 1987). Section 17.46(b) provides a remedy at law for damages incurred because of a deceptive act. *Cf. Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex.1980) (primary purpose of the Deceptive Trade Practices Act was to provide a cause of action for deceptive trade practices); *Vargas v. Allied Fin. Co.*, 545 S.W.2d 231, 234 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.) (discussing the relationship of a former venue statute to an earlier version of the Act). It is a laundry list of deceptive acts. The cases so holding are legion. *E.g., Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 358 (Tex.1987); *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 86 (Tex.App.—El Paso 1987, writ dism'd).

The Hoelschers also contend that if this Court construes the section as anything other than a jurisdictional provision we will render sections 17.42, 17.47, and 17.50(b)(2) of the Act meaningless. We cannot comprehend how a legislative listing of causes of action could negate other sections of the Act. Each of the Hoelschers' arguments are without merit. We overrule their point of error.

## INTERLOCUTORY JUDGMENT

■ In its first cross-point, GFH contends the trial court erred in entering an interlocutory summary judgment without prejudice to the Hoelschers' counterclaim.[2] They argue that the counterclaim was filed in violation of rule 63 of the Texas Rules of Civil Procedure. At the time in question, rule 63 provided:

> Parties may amend their pleadings, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite parties; provided, that any amendment offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party.

TEX.R.CIV.P. 63 (Vernon 1979).

GFH contends the Hoelschers filed their amended answer and counterclaim within seven days of the date of trial without leave of the court. If the Hoelschers filed their amended answer less than seven days before trial, leave of the court was required. *Id.*

■ We liberally construe rule 63. *Lee v. Key West Towers, Inc.*, 783 S.W.2d 586, 588 (Tex.1989). We presume the court granted leave to file unless the record

---

2. GFH, the appellee before us, also argues that it should be permitted to pursue its cross-points on appeal without filing a cost bond. An appellee is not always required to file a cost bond in order to complain by cross-point in his brief of any error in the trial court as between appellant and appellee. No cost bond is necessary unless the appellant limits his appeal pursuant to Rule 40(a)(4) of the Texas Rules of Appellate Procedure. *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 639 (Tex.1989). The Hoelschers did not limit their appeal. Therefore, GFH is not required to file a cost bond.

shows that the amended petition was not considered by the court. *Id.* The court should grant leave to file unless the amendment surprises the opposing party. TEX. R.CIV.P. 63 (Vernon 1979). The court should not grant leave to file if the amendment would prejudice the opposing party's cause of action. *Plains Ins. Co. v. Evans*, 692 S.W.2d 952, 955 (Tex.App.—Fort Worth 1985, no writ).

■ The trial court granted an interlocutory summary judgment. That judgment stated that it was rendered without prejudice to the Hoelschers' counterclaim. The court then heard the counterclaim and rendered judgment in favor of the Hoelschers. When the trial judge allowed appellants to proceed on their amended cause of action, the court granted leave to file. Further, GFH has not shown surprise or prejudice. We overrule GFH's first cross-point.

### ATTORNEY'S FEES

■ In its second cross-point, GFH contends the trial court erred in taking judicial notice of the reasonableness of the attorney's fees awarded to the Hoelschers. This Court has previously determined that the trial court cannot take judicial notice of attorney's fees awarded under the Act. *Smith v. Smith*, 757 S.W.2d 422, 425 (Tex. App.—Dallas 1988, writ denied). The reasonableness of the attorney's fees must be established by competent evidence. *Id.*

The final judgment in this cause reflects that "the Court examined the pleadings and proceeded to receive the evidence on Defendants' Counterclaim and the issue of attorney's fees to be awarded to *Plaintiff."* (Emphasis added.) The judgment then states that "the Court will take judicial notice of a reasonable attorney's fee for a cause of action brought pursuant to section 17.41, et seq., of the Texas Business and Commerce Code [the Deceptive Trade Practices Act]." We conclude that the trial court did not consider any competent evidence about the reasonableness of the Hoelchers' attorney's fees. We sustain GFH's second cross-point.

We reverse that part of the trial court's judgment pertaining to the Hoelschers' at-

torney's fees. We remand the cause for a new trial to determine the amount of reasonable attorney's fees. *Smith*, 757 S.W.2d at 426. In all other respects, we affirm the trial court's judgment.